IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 5:10-CV-410-BO

| | |
|---|---|
| LINDA COMBS LIVERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| OFFICER D.S. PARK, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff has filed an application to proceed *in forma pauperis*. The plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. §§ 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Pursuant to 42 U.S.C. § 1983, Plaintiff claims that her Fourth Amendment rights were violated by Defendant during a traffic stop[1]. Specifically, Plaintiff was involved in a traffic accident near a fast-food restaurant (DE 1-2, pg. 1). After the accident, Defendant

---

[1] Plaintiff has filed two other complaints in this Court related to this incident. McMillian, *et al.* v. York Insurance Co., 5:10-CV-359-D; McMillian, *et al.* v. York Insurance Co., 5:10-CV-360-BO. The undersigned has recommended in both of those cases that Plaintiff's claims be dismissed as frivolous.

requested that Plaintiff undergo field sobriety testing (DE 1-1, pg. 2). Plaintiff does not make allegations sufficient to demonstrate that Defendant's initial decision to conduct the field sobriety testing was unreasonable. During the field sobriety testing, Plaintiff contends that "the outline and figure of her chest" was exposed (DE 1-1, pg. 3). However, that this was not due to anything out of the ordinary about the field sobriety testing, but rather was caused by the way Plaintiff was dressed at the time (DE 1-1, pg. 2-3). Defendant allegedly stared at Plaintiff's breasts during the field sobriety test. In addition, Plaintiff states that Defendant "slightly caress[ed]" Plaintiff's arms simultaneously (DE 1-1, pg. 3). Plaintiff does not indicate how long this caressing took place, nor does she describe any other physical contact between herself and Defendant. Nonetheless, she states that Defendant touching her arms during the field sobriety test "fe[lt] sexual in nature" (DE 1-1, pg. 3). Finally, Plaintiff does not allege how long it took to complete the field sobriety test. Thus, there is no showing that Defendant detained Plaintiff for an unreasonable amount of time.

The Fourth Amendment provides: "The right of the people to be secure in their persons ... against unreasonable searches and seizures." U.S. Const. amend. IV. Fourth Amendment jurisprudence is, accordingly, governed by a reasonableness standard. *See, e.g.*, Abney v. Coe, 493 F.3d 412, 419 (4th Cir.2007) ("The touchstone of [the Fourth Amendment] inquiry is reasonableness."). "Not every push or shove . . . nor every incidental contact, in the course of lawful police business can give rise to a potential Fourth Amendment violation. Police work involves contact, and we refuse to countenance a rule of law that every time contact occurs, however slight, a jury may decide whether the contact was reasonable. Such a rule would paralyze law enforcement . . ." Cottom v. Town of Seven Devils, 2001 WL 1019410, * 7 (W.D.N.C. June 13, 2001)(citing Graham v. Connor, 490 U.S. 386, 396 (1989)).

Based on these standards, the undersigned finds that Plaintiff has failed to demonstrate that Defendant's actions were unreasonable pursuant to the Fourth Amendment. As such, Plaintiff's claims lack an arguable basis in both law and fact.

For these reasons, the undersigned RECOMMENDS that Plaintiffs' motion to proceed *in forma pauperis* be GRANTED, but that her Complaint be DISMISSED as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, October 13, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE