IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 5:10-CV-410-BO

| | |
|---|---|
| LINDA COMBS LIVERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| OFFICER D.S. PARKS ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on United States Magistrate Judge William Webb's Memorandum and Recommendation (M&R)(DE # 4) regarding Plaintiff's motion to proceed *in forma pauperis* (DE #1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff also motions for the Court to appoint counsel. (DE # 6).

The M&R found that Plaintiff's motion to proceed *in forma pauperis* should be granted, but that her claim should be dismissed for failure to state a claim. The Court ADOPTS the Magistrate's recommendation and DENIES the Plaintiff's Motion to Appoint Counsel.

## BACKGROUND

Plaintiff brings this § 1983 action claiming that Defendant Officer Parks sexually harassed her during a traffic stop in violation of the Fourth Amendment.

Defendant requested that Plaintiff undergo field sobriety testing after Plaintiff was involved in an automobile accident. Plaintiff states that she told the officer she did not want to get out of the car because she was wearing sleepwear that included a "tank-top t-shirt" with no bra, and as a result, "the outline and figure of her chest" was exposed. Defendant denied her

1

request, and allegedly stared at Plaintiff's breasts during the sobriety test. In addition, Plaintiff states that Defendant "slightly caress[ed]" Plaintiff's arms simultaneously" and that it felt "sexual in nature." (DE 1-1, pg. 3).

Judge Web recommended dismissal as he found that 1) Plaintiff did not make allegations sufficient to demonstrate that Defendant's initial decision to conduct the field sobriety testing was unreasonable, 2) Plaintiff did not indicate how long the caressing took place, 3) and there was no showing that Defendant detained Plaintiff for an unreasonable amount of time. Relying on relevant case law, Judge Web concluded that Plaintiff had failed to demonstrate that Defendant's actions were unreasonable pursuant to the Fourth Amendment, and that her complaint was frivolous.

In her objection to the M&R, Plaintiff reiterated the events of the night with a little more detail. She stated the Defendant's "caress" consisted of the officer touching her armpits for "at least several seconds" while her arms were spread during the sobriety balance test. She also argued that the officer unreasonably subjected her to a sobriety test because there was no alcohol or drug odor on her breath or in her car, and no open containers present.

Additionally, Plaintiff claims that the sobriety test was not included in the police report, "showing "reasonable suspicion' as to an ulterior motive for such a search, 'preferably a perverted one.'" (DE 5, pg. 4). The Plaintiff also asked the court to "seize immediately any such reports without warning, so no such report becomes fabricated instantly by the officer." (Id. at pg. 5).

Plaintiff's only specific objection to the Magistrate's recommendation is that "the court has erred and made it look like women are subject to be searched and touched by male officers."

(Id. at pg. 1).[1]

## DISCUSSION

### Standard of Review

Pursuant to section 1915, a claim proceeding *in forma pauperis* may be dismissed any time if it is frivolous. § 1915( e )(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To make a frivolity determination, the court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition "of a variety of motions. 28 U.S.C. § 636(b)(1)(B). A party may object to the Magistrate Judge's proposed findings by filing "written objections which . . . <u>specifically</u> identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule 72.4 (emphasis added). The court shall make a *de novo* determination of those portions of the M&R to which a party has filed objections. 28 U.S.C. §636(b)( 1 )(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; accord Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, <u>of any portion</u> of the magistrate judge's disposition <u>to which specific written objection has been made</u> . . . .") (emphases added).

By contrast, *de novo* review is not required when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the Magistrate Judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, the

---

[1] The other alleged error the Plaintiff identified was that Judge Webb "mistakenly claimed" in a footnote that "the Plaintiff filed two other claims in this court concerning this incident..." (Id. at pg. 1). The Court finds the resolution of this issue to be immaterial to this case.

statute does not require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985).

## Plaintiff's Objection

Plaintiff's only specific objection to Judge Webb's recommendation is that his conclusion assumed it was lawful for male officers to perform a sobriety test on a female. Specifically, Plaintiff claims females should not be "searched and touched" by male officers. Although the Court reviews this objection *de novo*, the Court finds the Plaintiff's objection has no merit.

As Judge Webb stated in his recommendation, Fourth Amendment jurisprudence is governed by a reasonableness standard. See, e.g., Abney v. Coe, 493 F.3d 412, 419 (4th Cir.2007) ("The touchstone of [the Fourth Amendment] inquiry is reasonableness.") Accordingly,

> Not every push or shove . . . nor every incidental contact, in the course of lawful police business can give rise to a potential Fourth Amendment violation. Police work involves contact, and we refuse to countenance a rule of law that every time contact occurs, however slight, a jury may decide whether the contact was reasonable. Such a rule would paralyze law enforcement . . .

Cottom v. Town of Seven Devils, 2001 WL 1019410, * 7 (W.D.N.C. June 13, 2001)(citing Graham v. Connor, 490 U.S. 386, 396 (1989)).

There is nothing unreasonable about a male officer conducting a field sobriety test on a female. In addition, Plaintiff has not shown that Defendant's brief touch of her armpits while she was balancing was unreasonable under the Fourth Amendment. Therefore, Judge Webb made no error.

## CONCLUSION

For the foregoing reasons, the court ADOPTS as its own the Magistrate Judge's recommendations (DE # 4) and OVERRULES Plaintiff's objection (DE # 5). Although

4

Plaintiff's motion to proceed *in forma pauperis* is ALLOWED (DE #1), this matter is DISMISSED. Plaintiff's Motion to Appoint Counsel is accordingly DENIED (DE # 6).

SO ORDERED, this _13_ day of December, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE